**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 03, 2007**

_____
ROBERT C. MCGUIRE
UNITED STATES BANKRUPTCY JUDGE
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RUEL BENARD NEWBERRY and | § | CASE NO. 06-60241-RCM |
| PATRICIA MARIE NEWBERRY, | § | CHAPTER 13 |
| Debtors. | § | |

**MEMORANDUM OPINION DENYING DEBTORS' OBJECTION TO THE
AMENDED CLAIM OF GEMB LENDING, INC. AND ALLOWING SAID CLAIM**

On April 10, 2007, the Court held a hearing on Chapter 13 Trustee Ray Hendren's Motion to Allow the Amended Claim of GEMB Lending, Inc. filed December 5, 2006, said motion having been filed on February 14, 2007 (Doc. #42). The Debtors filed an objection to the amended claim and responded to the Trustee's motion to allow said claim on March 12, 2007 (Doc. #47). GEMB did not file a written response to the motion or response, nor did anyone appear for this creditor at the hearing.

At the hearing, the Trustee did not urge his motion to allow the amended claim. Therefore, in this ruling, the Court considers the amended claim and the Debtors' objection to the same.

1

The Court has subject matter jurisdiction of the parties' dispute pursuant to 28 U.S.C. § 1334 and § 157. The matter is a core contested proceeding pursuant to 28 U.S.C. § 158(b)(2)(A) (matters concerning the administration of the estate), (b)(2)(B) (allowance or disallowance of claims), (b)(2)(L) (confirmation of plans), and (b)(2)(O) (other proceedings affecting the liquidation of assets of the estate). The following represents the Court's findings of fact and conclusions of law made pursuant to Bankruptcy Rules 7052 and 9014. Where appropriate, a finding of fact shall be construed to be a conclusion of law, and vice versa.

GEMB filed its amended proof of claim on December 5, 2006 on an unsecured debt allegedly owed it by the Debtors in the amount of $25,778.43. In this amended claim, GEMB asserts that this amount represents the deficiency balance remaining owed after it foreclosed its lien securing the debt owed it for a motor home the Debtors purchased. This amended claim superceded the original claim filed May 30, 2006. Under Bankruptcy Rule 3001(f), the amended proof of claim is prima facie evidence of the validity and amount of the claim. There is no contest regarding the timeliness of the filing of either proof of claim or the amount of the deficiency balance remaining after foreclosure of the motor home.

Debtors argue that the amended claim should not be allowed under a recent change to the Bankruptcy Code made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") governing claims filed in chapter 13 cases involving motor vehicles purchased within 910 days of the bankruptcy filing. Specifically, Debtors assert this amendment to 11 U.S.C. § 1325(a) allows them to surrender to GEMB the motor vehicle they purchased within 910 days of their bankruptcy filing in full satisfaction of the debt they owe GEMB. They assert that the combination of 11 U.S.C. § 1325(a)(5)(C), which allows a plan to provide for surrender of collateral, and the text appearing immediately after § 1325(a)(9), which text states that § 506 no longer applies to value a motor vehicle bought within 910 days of the bankruptcy filing [called the "Hanging Paragraph"], allows the full value surrender.[1]

For the reasons stated below, the Court determines that GEMB's amended claim should be allowed, and the Debtors' objection to the same be denied.

---

[1] The pertinent portion of the Hanging Paragraph [the text immediately following 1325 (a)(9)] states that § 506 shall not apply to a claim for a creditor having a purchase money security interest in a motor vehicle if that vehicle was bought for the personal use of the debtor within 910 days of the bankruptcy filing.

2

The Debtors filed this chapter 13 case on April 4, 2006. They filed an Amended Chapter 13 Plan on August 22, 2006. This Amended Chapter 13 Plan was confirmed by order entered on October 12, 2006. The Amended Chapter 13 Plan in Section VII (B), Treatment for Payment of Allowed Claims, provides the following:

> "B. Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C.§ 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division."[2]

The Amended Plan lists the subject motor home to be surrendered to GEMB.

The Amended Plan contains no statement that the motor home will be surrendered in full satisfaction of the debt owed. Instead, the Amended Plan specifically enables GEMB to file a claim for a deficiency after the surrender and foreclosure of its security interest in the motor home. Debtors have not filed a motion to modify the treatment of GEMB's claim set forth in Section VII (B) of their confirmed plan to change the surrender to be in full satisfaction of the debt, if that was even possible, given that the surrender and foreclosure happened sometime between October and December 2006. See Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir. 1987) (res judicata effect of a confirmed chapter 13 plan); Sun Finance Co., Inc. v. Howard, 972 F.2d 639 (5th Cir. 1992) (same); but cf. In re Stukes, 357 B.R. 879 (Bankr. M.D. Fla 2006) (due to accelerated confirmation of chapter 13 plans under BAPCPA, confirmed plan had no res judicata effect on debtor's objection to secured creditor's claim which was heard after confirmation).

In any event, ignoring the res judicata effect of the Amended Plan on the ability of GEMB to file a deficiency claim, courts throughout the country are struggling with the correct application of this Hanging Paragraph language on motor vehicle claims when the vehicle was purchased with recourse debt within 910 days preceding the bankruptcy filing, the vehicle is surrendered pursuant to provisions of the plan, the creditor forecloses its security interest in the

---

[2] Under this Standing Order, the stay lifts in 10 days following confirmation of the plan, and the creditor has 90 days to file an deficiency claim. Here, the amended POC for the $25,778.43 unsecured deficiency was filed within the 90 day period.

3

vehicle, and an amount remains owed. There is case law both denying and allowing the creditor the right to file a deficiency unsecured claim. The majority of the courts have held that, when a debtor has included in the plan under §1325(a)(5)(C) the surrender of appropriate collateral purchased within 910 days of the bankruptcy filing, the Hanging Paragraph applies, thereby treating the claim as fully secured for confirmation purposes under § 1325(C). Thus, the surrender of the vehicle equates to full payment of the claim, denying the creditor an unsecured claim for any deficiency after it liquidates the claim by the sale of the vehicle. See In re Osborn, 2007 WL 542435 (B.A.P. 8th Cir. Feb. 23, 2007); In re Gentry, 2006 WL 3392947 (Bankr. E.D. Tenn. Nov. 22, 2006); and many others.

However, a minority of courts have looked closely at the text of both the Hanging Paragraph found in § 1325(a) and § 506 and determined the Hanging Paragraph does not apply to plans in which the debtors propose to surrender such vehicles. Because § 506(a) applies by its terms only to "an allowed claim of a creditor secured by a lien on property in which the estate has an interest ....," upon confirmation, the estate no longer has any interest in the now "surrendered" vehicle, so there is no reason to use the valuation process of § 506 to determine the amount of the secured claim. Once the estate has no interest in the property, a secured creditor is free to foreclose its security interest under applicable non-bankruptcy law, apply the proceeds of sale to its claim, and file an unsecured deficiency claim if the debtor remains liable for said deficiency under applicable non-bankruptcy law. These courts state that BAPCPA made no change in the law regarding what secured motor vehicle lenders can do when the collateral is surrendered under the terms of a plan, i.e., foreclose the security lien and file a deficiency claim for any amount still owed. See In re Particka, 355 B.R. 616 (Bankr. E.D. Mich. 2006); In re Zehrung, 351 B.R. 675 (W.D. Wis. 2006); In re Clark, 2007 WL 625272 (Bankr. N.D. Miss. Feb. 23, 2007);

> As stated in In re Clark,
>
> [T]he hanging paragraph causes no change when a debtor surrenders a vehicle to a 910 creditor under § 1325(a)(5)(C). Prior to BAPCPA, § 506 did not bifurcate a secured creditor's claim upon surrender, nor does it do so post-BAPCPA. Upon surrender, the 910 secured creditor still is entitled to enforce its right to payment and, after disposition of the collateral, that right to payment can still be filed and allowed as an unsecured deficiency claim under § 502. There is nothing in the hanging paragraph that somehow disallows an unsecured deficiency claim of a

> 910 creditor whose debt was a full recourse obligation under non-bankruptcy law and whose depreciated collateral has been surrendered to it by a Chapter 13 debtor under § 1325(a)(5)(C).

In re Clark, 2007 WL 625272 at 3 (Bankr. N.D. Miss. Feb. 23, 2007);

Following the position taken in Clark and other similar decisions, the unsecured deficiency claim of GEMB Lending, Inc. will be allowed. The Debtors' objection to said claim is denied. A judgment consistent with this opinion will be entered.

IT IS SO ORDERED.

###